UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY UNDERWOOD; JOYCE AGIOBENEBO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO HUMAN SERVICES AGENCY, ET AL,<br><br>Defendants. | Case No.: 25cv120 BEN (DDL)<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Dkt. Nos. 3, 8, 10] |

    Now before the Court is the motion of the County of San Diego to dismiss the Complaint. The County asserts, *inter alia*, that this Court lacks subject matter jurisdiction. The Court agrees.

    In their Complaint, it is alleged that Plaintiffs were parents of a minor child. A juvenile dependency action was initiated and adjudicated in proceedings before a juvenile dependency court of the Superior Court of California, County of San Diego. Plaintiffs' prayer for relief seeks $150,000,000 in damages and an order from this Court ordering that their child be returned to their custody and the child's birth certificate amended.

      The *Rooker-Feldman* doctrine relieves a federal court of subject matter jurisdiction for an appeal from a judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). As the Supreme Court has explained, this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Even if a plaintiff frames her claim as a constitutional challenge, if she seeks what in substance would be appellate review of a state judgment, the action is barred by *Rooker-Feldman*. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 n.4 (9th Cir. 2003); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (affirming *Rooker-Feldman* dismissal of challenge to state foreclosure proceedings).

      To determine whether the *Rooker-Feldman* doctrine applies, a federal district court must assess whether the plaintiff is attempting to bring a "forbidden de facto appeal." *See Noel*, 341 F.3d at 1163. A case is a *de facto* appeal if "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *See id*. at 1164. If the case is a *de facto* appeal, the plaintiff is also barred from litigating "any issues that are 'inextricably intertwined' with issues in that de facto appeal." *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1166). Issues presented are inextricably intertwined "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012).   `1

      It is apparent that Plaintiffs are asserting that the juvenile dependency court committed errors in state court case No. J521374 resulting in a removal of their minor child from their custody and care. This is the kind of legal action barred from federal court. It is a *de facto* appeal because Plaintiffs assert as a legal wrong a juvenile custody

decision by the state court and Plaintiffs seek from this Court an order returning custody of the minor child. *See Noel*, 341 F.3d at 1164. In other words, Plaintiffs' claims are inextricably intertwined with the appeal because the Court must hold that the state court was wrong in order to find in favor of the plaintiff. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) ("If the federal constitutional claims presented to the district court are 'inextricably intertwined' with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do.").

The Court concludes that the *Rooker-Feldman* doctrine relieves this Court of subject matter jurisdiction over Plaintiff's claim against the County defendants. Accordingly, the County's motion to dismiss (Dkt # 8) is granted *without prejudice*. Plaintiffs are granted leave to file an Amended Complaint. If they decide to amend, Plaintiffs are directed to comply with Federal Rule of Civil Procedure 8.

Plaintiffs' motion to transfer the state juvenile dependency case (Case No. J521374) to this Court (Dkt. # 3), and Plaintiffs' motion to enter default judgment (Dkt. # 10), are likewise denied.

IT IS SO ORDERED.

Dated: April 25, 2025

Hon. Roger T. Benitez
United States District Judge